CARROLL L. DEELY and WILDA DEELY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Deely v. Commissioner
Docket No. 9564-77.
United States Tax Court
T.C. Memo 1981-229; 1981 Tax Ct. Memo LEXIS 513; 41 T.C.M. (CCH) 1457; T.C.M. (RIA) 81229; May 7, 1981. *513 Roy J. True, for the petitioners. Mark P. Puryear, for the respondent. DRENNEN
SUPPLEMENTAL MEMORANDUM OPINION DRENNEN, Judge: Subsequent to the filing of the Opinion of this Court in this case on March 12, 1980 (73 T.C. 1081), the parties filed a joint Motion For Reconsideration of Findings and Opinion in order to consider additional issues set forth therein. The motion recited that after the Opinion of the Court was filed and during discussion between counsel for the parties relative to computations for entry of decision under Rule 155, Rules of Practice and Procedure, United States Tax Court, petitioners had produced additional evidence supporting some of the deductions in issue which had not been available at the time of the trial. After reviewing this evidence, respondent agreed that petitioners were entitled to deductions for the years involved in excess of the amounts found by the Court based on the evidence submitted at the trial. The Motion For Reconsideration was granted and the parties were ordered to file a Supplemental Joint Stipulation of Facts reciting therein the expenses and deductions that the parties agree should be *514 allowed for the years involved. The Supplemental Joint Stipulation of Facts, together with Respondent's Computation For Entry of Decision, agreed to by petitioners, has been received and filed. Pursuant to the Supplemental Joint Stipulation of Facts filed by the parties, the Opinion of this Court filed March 12, 1980, is revised as follows. For the year ended December 31, 1971, the petitioners are entitled to itemized deductions in the amount of $ 9,058 and to schedule C deductions in the amount of $ 10,383. These amounts are in addition to the amount allowed by the Court in its original Opinion for telephone expenses for 1971. For the year ended December 31, 1972, the petitioners are entitled to expense deductions in the amount of $ 4,323. These are in addition to the amounts allowed by the Court in its original opinion for rent and telephone expenses for 1972. For the year ended December 31, 1973, the petitioners are entitled to expense deductions in the amount of $ 7,789. These are in addition to the amount allowed by the Court in its original opinion for telephone expenses for 1973. For the year ended December 31, 1974, petitioners are entitled to expense deductions *515 in the amount of $ 8,891. These are in addition to the amount allowed by the Court in its original Opinion for telephone expenses for 1974. Except for the revisions mentioned above, the original Opinion of this Court will remain unchanged as filed. The parties have submitted an agreed decision document reflecting the findings and conclusions of the Court in its original Opinion and in this Revised Opinion. Accordingly, The agreed decision document submitted by the parties will be entered as the decision of this Court.